# Exhibit A

# 2485CV00227 Trisura Specialty Insurance Company a/s/o Acreage Holdings America, Inc. vs. Eye Lighting International of North America, Inc. d/b/a Eye Hortilux

- Case Type:
- Torts
- Case Status:
- Open
- File Date
- 02/21/2024
- DCM Track:
- A - Average
- Initiating Action:
- Products Liability
- Status Date:
- 02/21/2024
- Case Judge:
- Next Event:

**All Information**   Party   Tickler   Docket   **Disposition**

## Docket Information

| Docket Date | Docket Text | File Ref Nbr. | Image Avail. |
|---|---|---|---|
| 02/21/2024 | Complaint electronically filed. | 1 | Image |
| 02/21/2024 | Civil action cover sheet filed. | 2 | Image |
| 02/21/2024 | Demand for jury trial entered. Applies To: Trisura Specialty Insurance Company a/s/o Acreage Holdings America, Inc. (Plaintiff) | | Image |
| 02/23/2024 | Notice of 93A complaint sent to Attorney General | | |
| 02/23/2024 | Case assigned to: DCM Track A - Average was added on 02/23/2024 | | |
| 03/01/2024 | Plaintiff Trisura Specialty Insurance Company a/s/o Acreage Holdings America, Inc.'s Request for two (2) summonses (E-FILED)  mailed 2 summonses to Stephanie Bendeck, Esq. @ Melick & Porter on 3/7/24 | | Image |
| 04/24/2024 | Plaintiff Trisura Specialty Insurance Company a/s/o Acreage Holdings America, Inc.'s Motion to extend the time for service of process (E-FILED) | 3 | Image |
| 04/25/2024 | Endorsement on Motion to extend the time for service of process (90 days, up tp and including August 20, 2024) (#3.0): ALLOWED e-document sent 04/29/2024. | | Image |
| 04/30/2024 | Service Returned; served upon National Registered Agents Inc. on 4/17/24 (E-FILED)  NOTE: requested original summons be returned to Clerk's Office, Worcester Superior Court  Applies To: Eye Lighting International of North America, Inc. d/b/a Eye Hortilux (Defendant) | 4 | Image |

Date Filed 2/21/2024 1:24 PM
Superior Court - Worcester
Docket Number

Case 1:24-cv-11223   Document 1-1   Filed 05/07/24   Page 3 of 16



**E-FILED**

COMMONWEALTH OF MASSACHUSETTS

WORCESTER, ss.                                           WORCESTER SUPERIOR COURT

| | |
|---|---|
| TRISURA SPECIALTY INSURANCE COMPANY A/S/O ACREAGE HOLDINGS AMERICA, INC., <br><br> Plaintiff, <br><br> vs. <br><br> EYE LIGHTING INTERNATIONAL OF NORTH AMERICA, INC. D/B/A EYE HORTILUX <br><br> Defendant. | ) ) ) ) ) ) ) ) ) C.A. No. _____ ) ) ) ) ) ) ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Trisura Specialty Insurance Company a/s/o Acreage Holdings America, Inc., by and through its undersigned counsel, hereby sues Defendant Eye Lighting International of North America, Inc. d/b/a Eye Hortilux, and in support thereof states as follows:

### JURISDICTION AND VENUE

1. The events giving rise to this matter occurred at or near 32 Chocksett Road, Sterling, MA, making Worcester County the appropriate venue for this matter.

2. The amount in controversy in this matter exceeds $50,000.00, which makes Superior Court the appropriate jurisdiction for this matter.

### PARTIES

3. Plaintiff and subrogee Trisura Specialty Insurance Company ("Trisura") is a for-profit corporation and, at all times relevant, is the insurance company for Acreage Holdings America, Inc. with a principal place of business located in Oklahoma City, Oklahoma.

4.  Subrogor Acreage Holdings America, Inc. ("Acreage") is for-profit corporation with a principal place of business located in New York, New York.

5.  Defendant Eye Lighting International of North America, Inc. d/b/a Eye Hortilux ("Hortilux") is a for-profit corporation with its principal place of business in Mentor Lake, Ohio.

## FACTS

6.  This matter arises out of the property damage resulting from a fire at a marijuana grow center located at 32 Chocksett Road, Sterling, MA on Thursday, February 25, 2021.

7.  Acreage is the owner of this grow center, which is operated by its subsidiary company, The Botanist, Inc. ("The Botanist").

8.  The fire was caused by a defective bulb manufactured and/or distributed by Hortilux. The defective bulb resulted in the destruction of approximately three hundred sixty (360) marijuana plants in various stages of growth.

9.  There was additional soot damage to the adjacent four hallways and four bathrooms, to the drop-down tiled ceilings in the adjacent hallways, and an inspection of the HVC system in the attic of the building revealed soot-covered vents over the fire-damaged room.

10. The amount paid by Trisura to its insured to date is $249,529.11 for property damages, and an additional $605,000.00 to date paid for business interruption damages, comprising a total loss of $854,529.11.

11. Hortilux engaged in several communications with The Botanist from April through November, 2020, prior to the fire.

12. The Botanist initially contacted Hortilux during April 2020 because the Hortilux bulbs exhibited pulsing and dimming after installation.

2

13. Because of the dimming and pulsing, The Botanist replaced between four hundred thirty (430) and four hundred forty (440) bulbs at the grow facility.

14. Two bulbs were sent back to Hortilux so that Hortilux could investigate the problem further. Hortilux received the bulbs on April 22, 2020.

15. On April 29, 2020, Hortilux informed The Botanist that it had concluded that the bulb failures were the result of air entering the bulbs during the manufacturing process.

16. At no point did anyone from Hortilux warn anyone from The Botanist about the dangerous defect in the bulbs or advise anyone at The Botanist to immediately remove all defective bulbs.

17. As was discovered later, many of the bulbs received by The Botanist that had been installed were part of the same manufacturing run where this issue occurred.

18. As a remedy, Hortilux offered to send replacement bulbs and requested that The Botanist continue to send images of problem bulbs as they are discovered.

19. Although the issue with the manufacturing process seemed to account for the lighting issue, the pulsing issue with the bulbs had yet to be identified.

20. Hortilux claimed it could not send replacement bulbs because the replacement bulbs were on backorder.

21. On July 30, 2020, Hortilux stated that the problem bulbs possessed certain date codes. Using this information, The Botanist identified bulbs with the same codes at its facility.

22. Again, at no point did Hortilux ever advise The Botanist that any defective bulbs currently in use should be immediately removed.

23. On July 31, 2020, Hortilux advised The Botanist that Hortilux could only provide 100 bulbs at a time due to Hortilux's backorder situation. However, even that amount was never provided.

24. Eventually, Hortilux provided 72 replacement bulbs, insufficient to replace all of the necessary bulbs at The Botanist.

25. On August 11, 2020, The Botanist informed Hortilux that it would accept the 72 bulbs to have on reserve for replacements as additional bulb failures were discovered.

26. Hortilux, again failed to warn The Botanist of any dangers associated with the defective bulbs.

27. On September 25, 2020, The Botanist posed the following questions to Hortilux: 1) whether Hortilux evaluated the bulbs at issue and reached any conclusions relative to their failures and the manufacturing process; 2) whether the additional defective bulbs identified by the Botanist should be returned to Hortilux; and 3) additional clarification regarding the dimming issue.

28. Hortilux did not respond to these concerns until November 6, 2020. It responded that the defective bulbs did not need to be returned to Hortilux, that the failures occurred for unspecified "various reasons", and it provided a recommendation to resolve the dimming issue.

29. A short time after, the fire occurred, resulting in substantial losses.

30. The cause of the fire was due to the defective bulb from the batch identified by Hortilux.

## COUNT I – NEGLIGENCE

31. Plaintiff incorporates by reference the allegations in paragraphs 1 through 30 as though fully set forth herein.

32. Hortilux negligently manufactured, sold, and/or distributed the aforementioned bulb involved in the fire which it knew or should have known would cause damage to The Botanist and which did cause damage to The Botanist and its parent company, Acreage.

33. Hortilux knew or should have known that the subject bulb would cause damage to The Botanist.

34. Hortilux negligently failed to warn that the subject bulb was dangerous and unsafe for its intended use.

35. As a direct and proximate result of Hortilux's negligence, The Botanist, and thereby Acreage, suffered extensive and significant financial damages for which Trisura was compelled to expend significant sums of money in order to make Acreage whole.

WHEREFORE, Plaintiff Trisura Specialty Insurance Company a/s/o Acreage Holdings America, Inc. demands judgment against Defendant Eye Lighting International of North America, Inc. d/b/a Eye Hortilux in the amount of $854,529.11, plus interest and costs.

## COUNT II – BREACH OF WARRANTY OF MERCHANTABILITY

36. Plaintiff incorporates by reference paragraphs 1 through 35 as though fully set forth herein.

37. Hortilux is a merchant with respect to the bulb used at The Botanist.

38. The Botanist purchased the subject bulb that was manufactured, sold, and/or distributed by Hortilux.

39. An implied warranty that the subject bulb was merchantable arose by operation of law as part of the sale.

40. Hortilux breached the implied warranty of merchantability in that the subject bulb was not in a merchantable condition when sold or at any time thereafter and was not fit for the ordinary purposes for which such bulbs are used, in that the bulb contained certain defects that made it unsafe for use.

41. The Botanist notified Hortilux of issues arising from the batch which included the defective bulb that caused the fire.

42. As a result of Hortilux's breach of the implied warranty of merchantability, Trisura has suffered damages in the amount of $854,529.11.

WHEREFORE, Plaintiff Trisura Specialty Insurance Company a/s/o Acreage Holdings America, Inc. demands judgment against Defendant Eye Lighting International of North America, Inc. d/b/a Eye Hortilux in the amount of $854,529.11, plus interest and costs.

## COUNT III – BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE

43. Plaintiff incorporates by reference paragraphs 1 through 42 as though fully set forth herein.

44. The Botanist purchased the bulbs from Hortilux for the purpose of using them at The Botanist grow center.

45. Hortilux knew that the subject bulbs were in use at The Botanist grow center.

46. The Botanist relied on Hortilux's representations that the bulbs were not dangerous for use at The Botanist grow center.

47. As a result of the above facts and circumstances, an implied warranty arose that the bulbs were fit for The Botanist's purposes.

48. The bulbs were not fit for The Botanist's purposes in that they were dangerously defective and presented a hazard which caused the resulting fire.

49. The Botanist notified Hortilux of issues arising from the batch which included the defective bulb that caused the fire.

50. As a result of Hortilux's breach of the implied warranty of merchantability, Trisura has suffered damages in the amount of $854,529.11.

WHEREFORE, Plaintiff Trisura Specialty Insurance Company a/s/o Acreage Holdings America, Inc. demands judgment against Defendant Eye Lighting International of North America, Inc. d/b/a Eye Hortilux in the amount of $854,529.11, plus interest and costs.

6

## COUNT IV – BREACH OF M.G.L. 93A S. 2, 11

51. Plaintiff incorporates by reference paragraphs 1 through 50 as though fully set forth herein.

52. Hortilux knew that The Botanist was using the subject bulbs at its grow facility.

53. Hortilux failed to investigate the bulbs at issue and issue appropriate warnings to The Botanist.

54. Hortilux represented to The Botanist that the bulbs at issue could continue to safely function in the marijuana grow center setting for which it was intended.

55. The bulbs at issue, including the bulb which caused the fire, was not of merchantable quality and, in fact, not safe, fit or usable for any purpose for which it was designed and/or manufactured and/or sold.

56. Hortilux negligently failed to ensure that the bulb at issue was manufactured in such a way that it would perform as expected rather than malfunction and cause a fire, resulting in substantial property damage and business interruption, which in turn caused Trisura to expend significant sums of money to make Acreage whole.

WHEREFORE, Plaintiff Trisura Specialty Insurance Company a/s/o Acreage Holdings America, Inc. demands judgment against Defendant Eye Lighting International of North America, Inc. d/b/a Eye Hortilux in the amount of $854,529.11, as well as treble damages, its attorneys' fees, and costs together with interest.

7

Respectfully submitted,

Plaintiff,
TRISURA SPECIALTY INSURANCE COMPANY A/S/O ACREAGE HOLDINGS AMERICA, INC
By its attorneys,

/s/ Stephanie E. Bendeck
Stephanie E. Bendeck, BBO: #708033
Richard E. Heifetz, BBO: #229000
Melick & Porter, LLP
One Liberty Square, 7th Floor
Boston, Massachusetts 02109
Telephone: (617) 523-6200
sbendeck@melicklaw.com
rheifetz@melicklaw.com

Dated: February 21, 2024

8

| CIVIL ACTION COVER SHEET | DOCKET NUMBER | Massachusetts Trial Court Superior Court |
|---|---|---|
| | | COUNTY Worcester Superior Court (Worcester) |

| Plaintiff | Trisura Specialty Insurance Company a/s/o Acreage Holdings America, Inc. | Defendant: | Eye Lighting International of North America, Inc. d/b/a Eye Hortilux |
|---|---|---|---|
| ADDRESS: | 210 Park Avenue, Suite 1300, Oklahoma City, OK 73102 | ADDRESS: | National Registered Agents, Inc. |
| | | | 4400 Easton Commons Way, Suite 125, Columbus, OH 43219 |
| Plaintiff Attorney: | | Defendant Attorney: | |
| ADDRESS: | Stephanie E. Bendeck | ADDRESS: | |
| Melick and Porter, LLP | | | |
| 1 Liberty Square, Boston, MA 02109 | | | |
| BBO: | 708033 | BBO: | |

### TYPE OF ACTION AND TRACK DESIGNATION (see instructions section on next page)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B05 | Products Liability | A | ☒ YES  ☐ NO |

*If "Other" please describe:

Is there a claim under G.L. c. 93A?  ☒ YES  ☐ NO

Is there a class action under Mass. R. Civ. P. 23?  ☐ YES  ☒ NO

### STATEMENT OF DAMAGES REQUIRED BY G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. (Note to plaintiff: for this form, do not state double or treble damages; indicate single damages only.)

**TORT CLAIMS**

A. Documented medical expenses to date
   1. Total hospital expenses
   2. Total doctor expenses
   3. Total chiropractic expenses
   4. Total physical therapy expenses
   5. Total other expenses (describe below)

   Subtotal (1-5): $0.00

B. Documented lost wages and compensation to date
C. Documented property damages to date
D. Reasonably anticipated future medical and hospital expenses
E. Reasonably anticipated lost wages
F. Other documented items of damages (describe below) — $854,529.11
   Property damage and business interruption

   TOTAL (A-F): $854,529.11

G. Briefly describe plaintiff's injury, including the nature and extent of the injury:

**CONTRACT CLAIMS**

☐ This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).

| Item # | Detailed Description of Each Claim | Amount |
|---|---|---|
| 1. | | |
| | Total | |

Signature of Attorney/Self-Represented Plaintiff: X                                    Date:

RELATED ACTIONS: Please provide the case number, case name, and county of any related actions pending in the Superior Court.

### CERTIFICATION UNDER S.J.C. RULE 1:18(5)

I hereby certify that I have complied with requirements of Rule 5 of Supreme Judicial Court Rule 1:18: Uniform Rules on Dispute Resolution, requiring that I inform my clients about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney: X  /s/ Stephanie E. Bendeck                                    Date: February 21, 2024

# CIVIL ACTION COVER SHEET INSTRUCTIONS —
## SELECT A CATEGORY THAT BEST DESCRIBES YOUR CASE*

### AC Actions Involving the State/Municipality †*

| | |
|---|---|
| AA1 Contract Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AB1 Tortious Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AC1 Real Property Action involving Commonwealth, Municipality, MBTA etc. | (A) |
| AD1 Equity Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AE1 Administrative Action involving Commonwealth, Municipality, MBTA, etc. | (A) |

### CN Contract/Business Cases

| | |
|---|---|
| A01 Services, Labor, and Materials | (F) |
| A02 Goods Sold and Delivered | (F) |
| A03 Commercial Paper | (F) |
| A04 Employment Contract | (F) |
| A05 Consumer Revolving Credit - M.R.C.P. 8.1 | (F) |
| A06 Insurance Contract | (F) |
| A08 Sale or Lease of Real Estate | (F) |
| A12 Construction Dispute | (A) |
| A14 Interpleader | (F) |
| BA1 Governance, Conduct, Internal Affairs of Entities | (A) |
| BA3 Liability of Shareholders, Directors, Officers, Partners, etc. | (A) |
| BB1 Shareholder Derivative | (A) |
| BB2 Securities Transactions | (A) |
| BC1 Mergers, Consolidations, Sales of Assets, Issuance of Debt, Equity, etc. | (A) |
| BD1 Intellectual Property | (A) |
| BD2 Proprietary Information or Trade Secrets | (A) |
| BG1 Financial Institutions/Funds | (A) |
| BH1 Violation of Antitrust or Trade Regulation Laws | (A) |
| A99 Other Contract/Business Action - Specify | (F) |

* See Superior Court Standing Order 1-88 for an explanation of the tracking deadlines for each track designation: F, A, and X. On this page, the track designation for each case type is noted in parentheses.

†* Choose this case type if ANY party is the Commonwealth, a municipality, the MBTA, or any other governmental entity UNLESS your case is a case type listed under Administrative Civil Actions (AA).

‡ Choose this case type if ANY party is an incarcerated party, UNLESS your case is a case type listed under Administrative Civil Actions (AA) or is a Prisoner Habeas Corpus case (E97).

### ER Equitable Remedies

| | |
|---|---|
| D01 Specific Performance of a Contract | (A) |
| D02 Reach and Apply | (F) |
| D03 Injunction | (F) |
| D04 Reform/ Cancel Instrument | (F) |
| D05 Equitable Replevin | (F) |
| D06 Contribution or Indemnification | (F) |
| D07 Imposition of a Trust | (A) |
| D08 Minority Shareholder's Suit | (A) |
| D09 Interference in Contractual Relationship | (F) |
| D10 Accounting | (A) |
| D11 Enforcement of Restrictive Covenant | (F) |
| D12 Dissolution of a Partnership | (F) |
| D13 Declaratory Judgment, G.L. c. 231A | (A) |
| D14 Dissolution of a Corporation | (F) |
| D99 Other Equity Action | (F) |

### PA Civil Actions Involving Incarcerated Party ‡

| | |
|---|---|
| PA1 Contract Action involving an Incarcerated Party | (A) |
| PB1 Tortious Action involving an Incarcerated Party | (A) |
| PC1 Real Property Action involving an Incarcerated Party | (F) |
| PD1 Equity Action involving an Incarcerated Party | (F) |
| PE1 Administrative Action involving an Incarcerated Party | (F) |

### TR Torts

| | |
|---|---|
| B03 Motor Vehicle Negligence - Personal Injury/Property Damage | (F) |
| B04 Other Negligence - Personal Injury/Property Damage | (F) |
| B05 Products Liability | (A) |
| B06 Malpractice - Medical | (A) |
| B07 Malpractice - Other | (A) |
| B08 Wrongful Death - Non-medical | (A) |
| B15 Defamation | (A) |
| B19 Asbestos | (A) |
| B20 Personal Injury - Slip & Fall | (F) |
| B21 Environmental | (F) |
| B22 Employment Discrimination | (F) |
| BE1 Fraud, Business Torts, etc. | (A) |
| B99 Other Tortious Action | (F) |

### RP Summary Process (Real Property)

| | |
|---|---|
| S01 Summary Process - Residential | (X) |
| S02 Summary Process - Commercial/Non-residential | (F) |

### RP Real Property

| | |
|---|---|
| C01 Land Taking | (F) |
| C02 Zoning Appeal, G.L. c. 40A | (F) |
| C03 Dispute Concerning Title | (F) |
| C04 Foreclosure of a Mortgage | (X) |
| C05 Condominium Lien & Charges | (X) |
| C99 Other Real Property Action | (F) |

### MC Miscellaneous Civil Actions

| | |
|---|---|
| E18 Foreign Discovery Proceeding | (X) |
| E97 Prisoner Habeas Corpus | (X) |
| E22 Lottery Assignment, G.L. c. 10, § 28 | (X) |

### AB Abuse/Harassment Prevention

| | |
|---|---|
| E15 Abuse Prevention Petition, G.L. c. 209A | (X) |
| E21 Protection from Harassment, G.L. c. 258E | (X) |

### AA Administrative Civil Actions

| | |
|---|---|
| E02 Appeal from Administrative Agency, G.L. c. 30A | (X) |
| E03 Certiorari Action, G.L. c. 249, § 4 | (X) |
| E05 Confirmation of Arbitration Awards | (X) |
| E06 Mass Antitrust Act, G.L. c. 93, § 9 | (A) |
| E07 Mass Antitrust Act, G.L. c. 93, § 8 | (X) |
| E08 Appointment of a Receiver | (X) |
| E09 Construction Surety Bond, G.L. c. 149, §§ 29, 29A | (A) |
| E10 Summary Process Appeal | (X) |
| E11 Worker's Compensation | (X) |
| E16 Auto Surcharge Appeal | (X) |
| E17 Civil Rights Act, G.L. c.12, § 11H | (A) |
| E24 Appeal from District Court Commitment, G.L. c.123, § 9(b) | (X) |
| E94 Forfeiture, G.L. c. 265, § 56 | (X) |
| E95 Forfeiture, G.L. c. 94C, § 47 | (F) |
| E99 Other Administrative Action | (X) |
| Z01 Medical Malpractice - Tribunal only, G.L. c. 231, § 60B | (F) |
| Z02 Appeal Bond Denial | (X) |

### SO Sex Offender Review

| | |
|---|---|
| E12 SDP Commitment, G.L. c. 123A, § 12 | (X) |
| E14 SDP Petition, G.L. c. 123A, § 9(b) | (X) |

### RC Restricted Civil Actions

| | |
|---|---|
| E19 Sex Offender Registry, G.L. c. 6, § 178M | (X) |
| E27 Minor Seeking Consent, G.L. c.112, § 12S | (X) |

**TRANSFER YOUR SELECTION TO THE FACE SHEET**

**EXAMPLE:**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence-Personal Injury | F | ☒ YES   ☐ NO |

## STATEMENT OF DAMAGES REQUIRED BY G.L. c. 212, § 3A

**DUTY OF THE PLAINTIFF** — On the face of the Civil Action Cover Sheet (or on attached additional sheets, if necessary), the plaintiff shall state the facts on which the plaintiff relies to determine money damages. A copy of the completed Civil Action Cover Sheet, including the statement concerning damages, shall be served with the complaint. **A clerk-magistrate shall not accept for filing a complaint, except as otherwise provided by law, unless it is accompanied by such a statement signed by the attorney or self-represented litigant.**

**DUTY OF THE DEFENDANT** — If the defendant believes that the statement of damages filed by the plaintiff is inadequate, the defendant may file with the defendant's answer a statement specifying the potential damages which may result if the plaintiff prevails.

**A CIVIL ACTION COVER SHEET MUST BE FILED WITH EACH COMPLAINT.
IF THIS COVER SHEET IS NOT FILLED OUT THOROUGHLY AND
ACCURATELY, THE CASE MAY BE DISMISSED.**



Stephanie E. Bendeck
(617) 502-9680
Facsimile: (617) 523-8130
sbendeck@melicklaw.com

ROBERT P. POWERS
MICHAEL J. MAZURCZAK *(NY & WI)
WILLIAM L. KEVILLE, JR. *(ME)
RICHARD E. HEIFETZ *(NH)
ROBERT T. TREAT
MICHAEL R. BYRNE
MARK S. BODNER *(NH)
WILLIAM P. ROSE
HOLLY G. ROGERS (CT & NY)
ROBERT W. HEALY *(NH)
BRIAN C. DAVIS
CAROLYN M. MILLER
SHANNON MCQUEENEY DOHERTY *(NY)
CHRISTOPHER D. GEORGE
SYD A. SALOMAN *(RI)
CHRISTIAN H. HINRICHSEN *(ME, NH, RI)
MATTHEW B. DIMARIO *(RI)
LAUREN S. FACKLER *(NJ, NY & VT)
STEVEN M. BANKS (CT & NY)
PETER J. RIORDAN
ALEXANDER W. AHRENS (CT)
KURT A. ROCHA *(RI & CT)
LAUREN C. ROCHE
CHRISTOPHER A. COSTAIN *(CT)
NICHOLAS M. LUISE
STEPHANIE E. BENDECK *(FL)
SOPHIA P. BREENE *(NH)
CASEY C. MILLER (CT)
MICHAEL W. STENGER (CT)
ALEXANDRA D. BURROUGHS-HOOD *(RI)
THOMAS C. DONOVAN
RYAN C. COYNE (RI)
GABRIELLA Y. GAROFALO *(RI)
HOGAN K. TOMKUNAS *(CT)
MARISSA K. PALLADINI
CHRISTINA C. BALLI
EMMA K. GIOVANNUCCI
MARY CATE RIVERA
KYLE P. DUTCH
TYLER M. MILLS

OF COUNSEL
DOUGLAS L. FOX *(FL)

*ALSO ADMITTED

ONE LIBERTY SQUARE
BOSTON, MA 02109
(617) 523-6200
FAX (617) 523-8130

WORCESTER COUNTY
2 PARK CENTRAL DRIVE, SUITE 120
SOUTHBOROUGH, MA 01772
(508) 452-2020
FAX (508) 452-2021

ONE RICHMOND SQUARE
PROVIDENCE, RI 02906
(401) 941-0909
FAX (401) 941-6269

750 MAIN STREET, SUITE 100
HARTFORD, CT 06103
(203) 769-3111
FAX (203) 721-8532

900 MAIN STREET SOUTH
SOUTHBURY, CT 06488
(203) 596-0500
FAX (203) 721-8532

40 MAIN STREET
BIDDEFORD, ME 04005
(207) 517-4111
FAX (207) 835-4980

195 ELM STREET
MANCHESTER, NH 03101
(603) 627-0010
FAX (603) 627-0460

11 BROADWAY, SUITE 615
NEW YORK, NY 10004
(212) 541-7236
FAX (212) 840-8560

MELICKLAW.COM

March 1, 2024

Civil Clerk's Office
Worcester Superior Court
225 Main Street
Worcester, MA 01608

Re: Trisura Specialty Insurance Co., v. Eye Lighting International of N. America
C.A. No. 2485CV00227

Dear Sir/Madam:

    I am writing to request two (2) summonses for use in the above-captioned matter. Would you please send them to my attention at the address below:

Stephanie E. Bendeck, Esq.
Melick & Porter, LLP
1 Liberty Square
Boston, MA 02109

    Thank you for your attention to this matter.

Very truly yours,

*/s/ Stephanie E. Bendeck*

Stephanie E. Bendeck

SEB/kes
Enclosure

**E-FILED**

COMMONWEALTH OF MASSACHUSETTS

WORCESTER, ss.                                    WORCESTER SUPERIOR COURT

TRISURA SPECIALTY INSURANCE )
COMPANY A/S/O ACREAGE HOLDINGS )
AMERICA, INC., )
)
Plaintiff, )
)
vs. )   C.A. No. 2485CV00227
)
EYE LIGHTING INTERNATIONAL OF )
NORTH AMERICA, INC. D/B/A EYE )
HORTILUX )
)
Defendant. )

**MOTION OF THE PLAINTIFF, TRISURA SPECIALTY INSURANCE COMPANY A/S/O ACREAGE HOLDINGS AMERICA, INC.'S TO EXTEND THE TIME FOR SERVICE OF PROCESS**

NOW comes the Plaintiff, Trisura Specialty insurance Company a/s/o Acreage Holdings America Inc., and moves this Honorable Court to extend the time for service of process for an extended ninety (90) days up to and including August 20, 2024. As grounds for this motion, the Plaintiff states as follows:

1. This is a casualty loss at a growing facility caused by a defect in a grow lamp manufactured by the Defendant, Eye Lighting International of North America.

2. That Eye Lighting International of North America, Inc. was domestic corporation organized under the laws of Ohio on August 15, 1991.

3. That Eye Lighting International of North America, Inc. filed for domestic dissolution on December 22, 2023.

4. The last known address of Eye Lighting International of North America, Inc. was P.O. Box 160, Mentor, Ohio 44061.

5. That the resident agent was National Registered Agents, Inc. 4400 Easton Commons Way, Suite 125, Columbus, Ohio, 43219.

6. That the registered agent refused service on April 9, 2024, as the corporation was an inactive entity. No new agent can be found.

7. Plaintiff is now required to serve the Ohio Secretary of State pursuant to Ohio Revised Code, Section 1701.07(H). The process will take an additional unknown time period based on the difficulty in locating former officers of the corporation.

WHEREFORE, the Plaintiff requests that this Honorable Court:

A. Grant the motion to extend time;

B. Extend the time for service of process on the Defendant up to and including August 20, 2024; and

C. For such other relief that is just and proper.

Respectfully submitted,

Plaintiff,

TRISURA SPECIALTY INSURANCE
COMPANY A/S/O ACREAGE
HOLDINGS AMERICA, INC
By its attorneys,

*/s/ Stephanie E. Bendeck*
Stephanie E. Bendeck, BBO: #708033
Richard E. Heifetz, BBO: #229000
Melick & Porter, LLP
One Liberty Square, 7th Floor
Boston, Massachusetts 02109
Telephone: (617) 523-6200
sbendeck@melicklaw.com
rheifetz@melicklaw.com

Dated: April 24, 2024




# Franklin County Sheriff's Office
## Affidavit of Service

TRISURA SPECIALTY INSURANCE COMPANY )
**Petitioner/Plaintiff** )
)
-vs- )        Case #: 2485CV00227
)        Service #: 2123725
EYE LIGHTING INTERNATIONAL OF NORTH AMERICA INC )
**Respondent/Defendant** )
)

**STATE OF OHIO** )
) SS:
**COUNTY OF FRANKLIN** )

Tami J Stimpfle, being first duly sworn, deposes and says: That he/she is, and was at all times hereinafter mentioned, a duly appointed, qualified as an acting Deputy Sheriff of Franklin County, State of Ohio, a citizen of the United States, not a party to, nor interested in, the above entitled action; that on 04/08/2024, at the hour of 08:28 AM affiant as such Deputy Sheriff served a copy/copies of Out Of State Service 1 out of state summons, and 1 out of state complaint issued in the above entitled action upon National Registered Agents Inc by delivering to and leaving with said person Residential Service Daylen at 4400 Easton Commons Way Ste 125 Columbus, Oh 43219 within the County of Franklin, State of Ohio.

Daylen

JANET E. HORNSBY
Notary Public, State of Ohio
My Commission Expires:
10-17-2028

Dallas L. Baldwin, Sheriff of Franklin County

By: _____
TAMI J STIMPFLE
DEPUTY SHERIFF

Subscribed and Sworn to before me this:
17th of April, 2024.

_____
Notary Public, State of Ohio

Civil Division, 410 South High Street, 2nd Floor, Columbus, Ohio 43215

SHFN212